Judge Hag-gin
delivered the opinion' of the Court.
Edward Martin, on the first day of November 1816, executed his obligation to government, in the penalty of four hundred dollars, conditioned for the payment of one hundred and ninety-one dollars and fifty; cents, one *90 year after date, to the collector of the sixth district, or such person ds might l?e legally authorised to receive the same, being the amount of duty payable by hint under an act of Congress of the 19th of April 1816, entitled “ an act to abolish the existing duties on spirits distilled within the United Stales, and to lay other duties in lieu of those at present imposed, &c.”
In an action by the United distiller’”11 bond, plea of accord and with "tuTcol-lector, without an aver-authority to make the commuta-ficient8 insu^"
'Em acts of lectors*1'ower ]y.
. *a°enf to collect" does not imply that he may charge any** thiugbut the thing due.
In sutre’ tion will not bind the principal.
Sharp, for appellant; Bibb, district attorney.for the United States, contra.
This obligation wa9 put in suit the Simpson circuit court, against the administrator of Edward Martin; rp|le defendant pleaded payment; and also, that on the day of-1816, the intestate paid and delivered to Amos Edwards, collector of the sixth district of Kentucky, who then and there held the said obligation, atld was fully authorised to colle'ct the samé, a large quantity of whiskey, to wit, 400 gallons, which he accepted in discharge of the obligation. Upon the first plea issue was joined, and a verdict and judgment for plaintiff. To the second plea the plaintiff demurred, and the court sustained the demurrer. The defendant appealed, and the validity of the second plea is the for the consideration of this court.
It must depend entirely upon the authority of the col-to receive whiskey in payment of the obligation. ^ar 33 government or an individual shall confer an so far only are they bound by the acts of an officer or agent; and when that authority is transcended, the agent becomes alone responsible. See Livermore °° ^§eDCL
The plea sets forth no special authority, none can be presumed. It avers in Edwards the power to collect, which we understand, to demand and receive ^le thing due on the obligation; and money, not whiskey, was due upon the writing in suit, agreeably to its tenor. It is not averred, and we know of no law or regulation applicable to the department, which author-¡sed the collector or agent of the United States to com-
rhute for whiskey, obligations to secure its revenue, The plea, therefore, failing to show a special author¡ty, and the government having conferred none by its acts, we are obliged to consider the agreement set forth in the plea,of no validity against the plaintiff.
Judgment affirmed with costs and damages at the bale of six per cent, ike.